**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4662**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LAWESLEY DONTE FOXX, a/k/a Pappa,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (3:05-cr-00249-JRS-3)

Submitted: February 26, 2013   Decided: February 28, 2013

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Richmond, Virginia, for Appellant. Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LaWesley Donte Foxx was sentenced to thirty-six months in prison following the revocation of his supervised release. Foxx's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has reviewed the record and believes there are no meritorious grounds for appeal. Counsel nonetheless asserts that Foxx's sentence is plainly unreasonable because it is greater than necessary in light of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors the district court was required to consider. The Government has declined to file a responsive brief and Foxx has failed to file a pro se supplemental brief despite receiving notice of his right to do so. Finding no error, we affirm the district court's judgment.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583(e) (West 2000 & Supp. 2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e); Crudup, 461 F.3d at 439-40. And although the district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it "still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable[.]" Id. at 439 (emphasis omitted). With these principles in mind, we have reviewed the record and have considered counsel's arguments and discern no sentencing error. We therefore conclude that Foxx's thirty-six-month sentence is not plainly unreasonable.

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's

judgment. This court requires that counsel inform Foxx, in writing, of the right to petition the Supreme Court of the United States for further review. If Foxx requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Foxx. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED